IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| LUIS E. LOPEZ,<br><br>               Petitioner,<br><br>      v.<br><br>GOVERNMENT OF THE VIRGIN ISLANDS,<br><br>               Respondent. | **Case No. SX-2011-CV-00220**<br><br>Consolidated Case No. SX-2011-CV-00570[1]<br><br>PETITION FOR WRIT OF<br>HABEAS CORPUS<br><br>**2021 VI Super 106U** |

**MEMORANDUM OPINION**

¶ 1    THIS MATTER is before the Court on Petitioner Lopez's *Motion for Extraordinary Writ of Habeas* ("Petition"), filed May 9, 2011, which argues that he is entitled to habeas relief because affidavits of Delroy Josiah and Maha Joseph serve as "recantations" of the trial testimony of each, and call into question the validity of his convictions. By Designation of September 28, 2012, the matter was designated to then-Magistrate Judge Jessica Gallivan who issued an Order September 28, 2012, directing Respondent Government to respond to Petitioner's Petition and accompanying motions by October 15, 2012.[2,3] Respondent never responded. On October 30, 2012, Petitioner Lopez also filed a *Motion for Summary Judgment*, to which Respondent also filed nothing in response. On February 7, 2013, the Magistrate Division issued its *Magistrate Recommendations on Outstanding Motions* ("Recommendation"), wherein the court recommended that the Petition be denied. For the reasons that follow, Petitioner's Petition will be denied.

---

[1] On December 28, 2011, Petitioner filed in the Superior Court a second *Motion for Extraordinary Writ of Habeas Corpus* that was assigned case number SX-2011-CV-00570. By March 21, 2013, Memorandum Opinion, the Superior Court consolidated that matter with this earlier filed action. That filing primarily sought to ensure that Petitioner's claims for relief were addressed following the uncertainty as to whether the Superior Court or District Court had jurisdiction to hear Petitioner's habeas action. Because there are no substantive issues presented in SX-2011-CV-00570 that are not fully addressed and resolved herein, Petitioner's claims in that matter will be dismissed.

[2] On August 1, 2011 and June 1, 2012, respectively, Petitioner filed his *Motion for Clarification and Status Review in Matter of Jurisdiction* and *Motion for Status Review*. By the former, Petitioner sought to correct and clarify the jurisdiction of this Court to hear his Petition, after having been referred by the Office of the Clerk of the Superior Court to file his Petition in the U.S. District Court for the Virgin Islands where he had been convicted. That court determined it lacked jurisdiction over the Petition and directed Petitioner back to the Superior Court. *See Lopez v. U.S.*, Order, June 22, 2011 (D.C. CV. No. 2011-049), attached as exhibit to Petitioner's August 1, 2011 *Motion for Clarification*. By the latter, Petitioner submitted the Affidavit of Maja Joseph in support of his Petition.

[3] Although the original Designation sought only to have the Magistrate Division adjudicate all pending pre-trial, non-dispositive motions, the Magistrate Judge's Recommendations included the recommendation of the court on Petitioner's application for post-trial relief, consistent with 4 V.I.C. § 123(b)(1) and (2) and Super. Ct. R. 320(a).

## BACKGROUND

¶2 The Petition alleges that on or about April 6, 1999, Petitioner Lopez and three others, Heman Navarro, Juan Crispin and Delroy Josiah, were charged with, and alleged to have been accomplices in a string of robberies and burglaries on September 22, 1998 and September 23, 1998, that resulted in the murder of Orlando Orta.

¶3 After a trial by jury in the District Court (D.C. No. 1999-016) that then had original jurisdiction over the local offenses charged, Lopez was found guilty of first-degree murder, burglary, robbery, possession of a firearm during the commission of crimes of violence, assault with the intent to commit murder and robbery, and mayhem with intent to commit a felony, all of which were charged under Virgin Islands statutes. Lopez was also found guilty of the federal crimes of carjacking and of possessing a firearm in relation to the commission of carjacking. He was sentenced to life in prison without parole on the murder charge and additional years on the other counts. Lopez appealed, and his conviction was affirmed by the Third Circuit Court of Appeals on October 24, 2001. *United States v. Lopez*, 271 F.3d 472 (3d Cir. 2001), *cert. denied*, 535 U.S. 908 (2002).

¶4 As grounds for his Petition, Lopez argues that the affidavits of Delroy Josiah (one of his trial co-defendants) and Maha Joseph (an alleged eyewitness to some of the crimes) both recant incriminating trial testimony that was critical to his convictions. Lopez asks the Superior Court to vacate his sentences.

## STANDARD OF REVIEW

¶5 Pursuant to 5 V.I.C. § 1301: "Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint." The Virgin Islands Habeas Corpus Rules provide that "any person who believes that he or she is unlawfully imprisoned or detained in custody, confined under unlawful conditions, or otherwise unlawfully restrained of his or her liberty, may file a petition for a writ of habeas corpus to seek review of the legality of that imprisonment or detention." V.I. H.C.R. 2(a)(1). When presented with a petition for writ of habeas corpus, the Superior Court must first determine whether the petition states a *prima facie* case for relief. V.I. H.C.R. 2(b)(1). If the reviewing court determines that a petition states facts that, if true, would entitle the petitioner to relief, and the claims are not procedurally or substantively barred as a matter of law, the writ will issue. Issuance of the writ of habeas corpus does not grant the ultimate

relief requested but simply requires further proceedings on the petitioner's application for discharge or other relief from unlawful custody or detention.

¶ 6 Specific to the facts in this case, newly discovered evidence can be a basis to grant a petition for habeas corpus. *See* 5 V.I.C. § 1314(2) ("[w]hen the imprisonment was at first lawful, yet by some act, omission, or event which has taken place afterwards, the party has become entitled to a discharge."); *see also Fahie v. Gov't of the V.I.*, 73 V.I. 433 (V.I. Super. 2020). However, the standard that newly discovered evidence must meet for a habeas corpus petition to issue is "extremely high." *See Fahie*, 73 V.I. at 451. The "act" underlying the habeas petition must be such that it "entitles" the petitioner to release. *See* 5 V.I.C. § 1314(2); *Fahie*, 73 V.I. at 451. A writ of habeas corpus cannot be used to relitigate issues determined at trial or on appeal. *See United States v. Hollis*, 569 F.2d 199, 206 (3d Cir. 1977).

## DISCUSSION

¶ 7 Based upon its thorough review of Petitioner's Petition, his *Motion for Summary Judgment*, and the Magistrate's Recommendation, the Court concludes that Petitioner has failed to present a *prima facie* case for habeas relief and will deny his Petition.

¶ 8 First, the Court considers the alleged "recantation" of Maha Joseph. Everything in the record – including Maha Joseph's own affidavit – indicates that the statements made in his affidavit are consistent with the statements he made at trial. The Third Circuit opinion affirming Petitioner's convictions reviewed Maha Joseph's trial testimony and noted that he "denied having identified defendants" to police officers, "insist[ed] he had been forced to testify," and noted that he was declared a hostile prosecution witness. *United States v. Lopez*, 271 F.3d 472, 477, 484 (3d Cir. 2001); *see also id.*, Appellee's Brief at 11 (App. No. 00-1812). This comports with the statements of Maha Joseph's present affidavit where he says: "At no time did I ever tell the said investigative detectives, or indicate to them that I witnessed or would testify that Mr. Luis Lopez was involved in any crimes, or murder that I knew of." *Joseph Affidavit*, at 1. The affidavit further asserts that Maha Joseph "became an alleged Government/prosecuting witness with out [sic] my consent or knowledge." *Id.* at 2. By the affidavit, Maha Joseph also admits that "As I recall there is and was nothing that I testified to that I saw or knew of Mr. Luis Lopez being involved in any crimes or murder." *Id.*

¶ 9 The factual situation presented in Petitioner's Petition closely mirrors the one before the Superior Court in *Fahie v. Gov't of the V.I.* In *Fahie*, a petitioner sought a writ of habeas corpus based on the sworn statement of an alleged witness recanting his prior statement to police. 73 V.I.

at 447. The *Fahie* court determined that the newly sworn statement at best provided "counter-evidence" to the petitioner's conviction and determined it to be insufficient to meet the high standard of 5 V.I.C. § 1314(2) to grant a habeas petition based on newly discovered evidence.

¶ 10    In the present case, the evidence before the Court is less strong than the evidence in *Fahie*. Here, the evidence presented is not "counter-evidence," but rather mirrors the evidence presented to the trial court. The use of Maha Joseph's affidavit to grant a writ of habeas corpus would require an impermissible re-litigation of issues determined at trial. *See generally United States v. Hollis*, 569 F.2d at 206.

¶ 11    The Magistrate's Recommendation correctly notes that there was sufficient additional evidence upon which the jury could have based its guilty verdict, such that even the loss of one identification witness (if there were truly a recantation of trial identification testimony, which is not found here) would likely be insufficient to "entitle" Petitioner to release as under 5 V.I.C. § 1314(2). Therefore, Maja Joseph's affidavit does not constitute sufficient grounds to grant Petitioner's habeas Petition.

¶ 12    The Court does not adopt or rely upon the Magistrate's Recommendation with regard to its recommendation that the inherently suspect nature of recantation testimony of a prosecution witness renders it an insufficient basis for granting a habeas petition, relying on Third Circuit case law. The Court finds the analysis of the Superior Court in *Fahie* to be more persuasive, in that, to the extent that recantations and other "act[s]" meet the high burden outlined in 5 V.I.C. § 1314(2), those may be used to grant a petition of habeas corpus. That high burden is simply not met by the purported recantations presented with the Petition.

¶ 13    Further, as noted, it is not for this Court in this setting to weigh the evidence presented, but simply to determine whether a *prima facie* case has been presented. Here, no analysis of the § 1314(2) standard is required as the evidence presented by the Petition does not constitute a recantation of trial testimony, but simply reaffirms the same testimony of Maha Joseph as was presented at trial.

¶ 14    Second, Petitioner asks the Court for relief based upon the affidavit of his trial co-defendant Delroy Josiah, dated August 23, 2010. The record before the Court contains no such affidavit. Petitioner claims to have included that original affidavit with his Petition as originally filed at the Superior Court, but that the original was not returned to him when the Superior Court told

Petitioner to re-file the Petition in the District Court.[4] Petitioner claims to have attached a copy of the affidavit to his second Petition filed in the Superior Court. Yet, neither the Court's electronic file nor paper file includes an original or copy of an affidavit of Delroy Josiah. However, even if present, it appears that such an affidavit could not constitute a recantation of trial testimony, as there is no indication in the record that Delroy Josiah testified against Petitioner at the criminal trial. Given the high standard for "newly discovered" evidence to meet the 5 V.I.C. § 1314(2) standard for granting a habeas petition, without such evidence before the Court for review and consideration, the affidavit of Delroy Josiah cannot be used as a basis upon which to grant the Petition. Based upon the record, there is not enough evidence to permit a finding that Petitioner has presented a *prima facie* case for relief.

¶ 15    Third and lastly, the Court considers Petitioner Lopez's *Motion for Summary Judgment*. It is questionable whether a motion seeking relief under V.I. R. Civ. P. 56 may be properly presented here.[5] Nonetheless, a prerequisite to obtaining summary relief is that the movant is entitled to judgment as a matter of law. Here, as Petitioner has failed to present a *prima facie* case upon which relief could be granted, by definition he is not entitled to the relief sought as a matter of law. Thus, Petitioner's Motion for Summary Judgment will be denied.

An Order consistent with Opinion shall issue.

DATED: October 28, 2021

DOUGLAS A. BRADY, JUDGE

**ATTEST:**
TAMARA CHARLES
Clerk of the Court

By
Court Clerk Supervisor

---

[4] *See* June 20, 2012, *Memorandum of Law in Support of Motion for Habeas Corpus and Affidavits Filed.*

[5] Petitioner's Motion was filed before the adoption of the Virgin Islands Rules of Civil Procedure and invoked Fed. R. Civ. P, 56 and Local Rule of Civil Procedure 56.1, then applicable pursuant to then Super. Ct. R. 7.

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

LUIS E. LOPEZ,

                      Petitioner,

     v.

GOVERNMENT OF THE VIRGIN ISLANDS,

                     Respondent.

**Case No. SX-2011-CV-00220**

Consolidated Case No. SX-2011-CV-00570

PETITION FOR WRIT OF
HABEAS CORPUS

## ORDER AND JUDGMENT

On the basis of the accompanying Memorandum Opinion, it is hereby

ORDERED that Petitioner Lopez's *Motion for Extraordinary Writ of Habeas* is DENIED. It is further

ORDERED that Petitioner Lopez's *Motion for Extraordinary Writ of Habeas Corpus*, filed in Civ. No. SX-2011-CV-00570 is DENIED, and that case is DISMISSED and CLOSED. It is further

ORDERED that Petitioner's *Motion for Summary Judgment* is DENIED. It is further

ORDERED that this matter is DISMISSED and CLOSED.

DATED: October 28, 2021

                                 DOUGLAS A. BRADY, JUDGE

**ATTEST:**

TAMARA CHARLES
Clerk of the Court

By
     Court Clerk Supervisor